**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **GLORIA MARCELA OLMOS,** | § | |
| | § | |
| ***Petitioner*,** | § | |
| **v.** | § | |
| | § | |
| **MARKWAYNE MULLIN,** *in his official capacity as Secretary of the United States Department of Homeland Security*; **MARY DE ANDA YBARRA,** *in her official capacity as Field Operations Director of the El Paso Immigration and Customs Enforcement Office*; **DAVID VENTURELLA,** *in his official capacity as the Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement*; **and TODD BLANCHE,** *in his official capacity as Attorney General of the United States*, | § § § § § § § § § § § § § | **EP-26-CV-01133-DCG** |
| | § | |
| ***Respondents*.** | § | |

**ORDER**

Respondents have filed documents indicating that the Government released Petitioner Gloria Marcela Olmos on recognizance on October 21, 2026.[1] As a consequence, this case may now be moot.[2]

The Court therefore **ORDERS** Petitioner's attorney to **INFORM** the Court by **December 3, 2026** whether he agrees that this case is moot—and, if not, why.

---

[1] Order Release Recognizance, ECF No. 8-1; *see also* Suppl. Resp., ECF No. 8, at 1.

[2] *See, e.g.*, *E.G.V.A. ex rel. Vimos Rivera v. Sanchez*, No. 1:26-cv-02258, 2026 WL 2254646, at *2 (S.D.N.Y. Aug. 5, 2026) (noting that "a habeas corpus petition seeking release from immigration custody is generally mooted upon release").

If Petitioner's attorney agrees that this case is moot—or if he fails to respond to this Order by the deadline above—the Court will dismiss this case without prejudice.[3] Otherwise, the Court will take further appropriate action accordingly.

At least for the time being, this case shall **REMAIN OPEN**.

**So ORDERED and SIGNED this 20th day of November 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

[3] *See, e.g.*, *Lamle v. Eads*, 134 F.4th 562, 566 (10th Cir. 2025) (noting that a dismissal on mootness grounds should be "without prejudice" "[b]ecause mootness is jurisdictional").